IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER CORDERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE No. _____ |
| CAFE DOMINICAN ) | |
| RESTAURANT, INC and ) | |
| RETAIL SHOPPING CENTER LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, ALEXANDER CORDERO, by and through the undersigned counsel, and files this, his Complaint against Defendants CAFE DOMINICAN RESTAURANT, INC and RETAIL SHOPPING CENTER LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff ALEXANDER CORDERO (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Lawrenceville, Georgia (Gwinnett County).

4. Plaintiff is a paraplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant CAFE DOMINICAN RESTAURANT, INC (hereinafter "Cafe Dominican") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Cafe Dominican operates a business located at 4650 Jimmy Carter Boulevard, Norcross, Georgia 30093, doing business as "Cafe Dominican."

9. Cafe Dominican may be properly served with process via its registered agent for service, to wit: Cristino Hiraldo, 4650 Jimmy Carter

Boulevard, Suite 119, Norcross, Georgia 30093.

10. Cafe Dominican is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon such real property shall be referenced herein as the "Facility." The portion of the Facility that is occupied by Café Dominican and from which Café Dominican operates its business is referenced as the "Café Dominican portion of the Facility").

11. Defendant RETAIL SHOPPING CENTER LLC (hereinafter "Retail Shopping Center") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

12. Retail Shopping Center is the owner (or co-owner) of the Facility and Property.

13. Retail Shopping Center may be properly served with process via its registered agent for service, to wit: Amin Panjwani, 615 Croydon Lane, Alpharetta, Georgia 30022.

## FACTUAL ALLEGATIONS

14. On multiple occasions, including, but not limited to, June 14, 2021, Plaintiff was a customer at Cafe Dominican.

15. Plaintiff's access to the business(es) located at 4650 Jimmy Carter

Boulevard, Suite 119, Norcross, Georgia 30093 (Gwinnett County Property Appraiser's parcel number R6164 246), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff lives approximately eighteen (18) miles from Facility and Property.

17. Plaintiff has visited the Facility and Property several times before and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

18. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

19. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result

of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

21.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

22.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.     The Facility is a public accommodation and service establishment.

24.     The Property is a public accommodation and service establishment.

25.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28. The Facility must be, but is not, in compliance with the ADA and ADAAG.

29. The Property must be, but is not, in compliance with the ADA and ADAAG.

30. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his

disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

34. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

accommodations of the Facility and Property include, but are not limited to:

(i) The interior of the Café Dominican portion of the Facility has a bar lacking any portion of which that has a maximum height of 34" (thirty-four inches) inches from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

(ii) The Café Dominican portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii) The hardware on the restroom doors in the Café Dominican portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv) There is inadequate clear turning space in the accessible toilet stalls in the restrooms in the Café Dominican portion of the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(v) The grab bars adjacent to the commodes in the toilet stalls in the restrooms in the Café Dominican portion of the Facility do not comply with section 604.5 of the 2010 ADAAG standards.

      Specifically, the rear grab bar is too short.

(vi)    The toilet stall doors in the restrooms in the Café Dominican portion of the Facility are not self-closing, in violation of section 604.8.2.2 of the 2010 ADAAG standards.

(vii)   The urinals in the men's restroom in the Café Dominican portion of the Facility each exceed the maximum permissible height set forth in section 605.2 of the 2010 ADAAG standards.

(viii)  The restrooms in the Café Dominican portion of the Facility have cabinet-style sinks that provide for inadequate knee and toe clearance thereunder, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(ix)    The soap dispensers in the restrooms in the Café Dominican portion of the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(x)     The mirrors in the restrooms in the Café Dominican portion of the Facility exceed the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

(xi)    There are vertical rises within the accessible routes that lead to

the two exterior seating areas of the Café Dominican portion of the Facility that are not ramped, in violation of section 403.4 of the 2010 ADAAG standards.

35. Without limitation, the above-described violations of the ADAAG rendered the restroom in the Café Dominican portion of the Facility inaccessible to Plaintiff.

36. Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

38. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

43. Upon information and good faith belief, the interior of the Café Dominican portion of the Facility has been fully remodeled since March 15, 2012, but no modifications to comply with the 2010 ADAAG standards were made at the time of such remodeling.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous

conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Cafe Dominican Restaurant, Inc in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, Possession and/or Control;

(b) That The Court Find Retail Shopping Center LLC in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: November 16, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman

and a point size of 14.

/s/Craig J. Ehrlich  
Craig J. Ehrlich